# UNITED STATES DISTRICT COURT
# FOR
# THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Charity Hillsman, ) | |
| on behalf of her minor child, W.S.. ) | |
| Plaintiff ) | |
| vs. ) | |
| ) | Complaint: No. |
| Springfield School District, ) | |
| Defendant ) | |
| ) | |
| ) | |
| ) | |

## COMPLAINT

NOW COMES the Plaintiff by his attorney, and for his complaint for attorney's fees states as follows:

## INTRODUCTION

1. This action is brought pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq., for attorney's fees incurred by the petitioner, W.S. (Plaintiff or Petitioner) by his parent, who requested a due process hearing and ultimately prevailed against the Springfield School District (Defendant or Respondent) when judgement was entered in favor of the Plaintiff, and the Defendant was ordered to provide the Plaintiff's sole request of 45 hours of compensatory educational services.

## JURISDICTION

2. The IDEA confers jurisdiction upon the district courts to award attorney's fees, costs,and expenses to prevailing parties in actions or proceedings under IDEA, pursuant to 20 U.S.C. § 1415(i)(3)(A), (B). Venue is proper in this district because all parties reside therein.

## PARTIES

3. The Plaintiff and his parent, Charity Hillsman (Parent), are residents of Springfield, MO. Plaintiff is a 9-year old boy with a disability, as defined by IDEA, of Other Health Impaired (OHI) and has a medical diagnosis of Attention Deficit Hyperactive Disorder (ADHD) and Auditory Processing Disorder (APD)

4. The Springfield School District (Defendant) is the local education agency responsible for the provision of special education and related services to the Plaintiff as defined by 20 U.S.C. § 1401(19)

## STATEMENT OF FACTS

5. Petitioner claims that the Respondent denied Petitioner a free and appropriate education in violation of Petitioner's substantive rights under IDEA when Respondent failed to develop and implement an IEP that was reasonably calculated to provide Petitioner meaningful benefit in light of his unique circumstances.

6. Petitioner has recently completed the third grade and has attended Respondent district since his kindergarten year.

7. During both the 2017-2018 and the 2018-2019 school years, Petitioner exhibited deficiencies including but not limited to: expressive language, fine motor skills, reading comprehension, poor vision, speech articulation, visual motor integration, following directions, attending to tasks, safety awareness, written expression, following directions, math, retaining information, recalling information, ect.

8. During both the 2017-2018 school year, and the 2018-2019 school year, Parent informed the Respondent of her concerns with Petitioner's difficulty recognizing his letters and numbers, that he has a very short attention span, that he does not retain information very well, and that he might have dyslexia.

9. In the fall of the 2018-2019 school year, Parent requested that Petitioner be re-evaluated by the Respondent in light of Petitioner's lack of progress, as well as the information provided by a recent speech evaluation which mentioned the possibility of dyslexia, and an audiogram which demonstrated Petitioner struggled to hear spoken words in the presence of competing noises.

10. The evaluations performed by the Respondent in both 2016 and 2018 identified several areas of need including but not limited to: listening, following directions, attending to a task, working memory, memorizing, recalling information, reading comprehension, written expression, writing, sequencing, generalizing, conceptual understanding of time and money, certain mathematical operations, and phonological impairments.

11. In addition to these areas of need, the Respondent's 2018 evaluation report determined that it was highly likely that Petitioner was suffering from dyslexia.

12. In spite of this information, the 2017-2018 school year IEP and the 2018-2019 school year IEP (which was developed after the 2018 re-evaluation) simply changed the eligibility category to Other Health Impaired (OHI) and failed to include any supports, services, modifications, or methods that could adequately address Petitioner's needs, as they were identified in the Respondent's evaluation reports from 2016 and 2018.

13. In addition, the Respondent made little effort, other than referring the Parent to the district dyslexia specialist, to provide appropriate instruction and programming for Petitioner's specific limitations.

14. On his iReady reading assessment on April 24, 2019, Petitioner scored a 413. On grade level is considered to be 489-560.

15. On his iReady math assessment on May 1, 2019, Petitioner scored a 406. On grade level is considered to be between 428-460.

16. Petitioner was reading at a DRA level 3, which is a kindergarten level.

17. In guided reading Petitioner was reading at the "B" level or kindergarten level in a group with 4 other students.

18. On the Respondent's most recent evaluation, Petitioner received a functional IQ score of 95, with a non-verbal IQ of 101 (above average) demonstrating the intellectual capacity to perform grade level work.

19. On June 3, 2019 Parent filed an initial due process complaint with the Missouri Department of Elementary and Secondary Education requesting relief for violations of Petitioner's right to a FAPE.

20. After two promising resolution sessions, Parent chose to withdraw the initial complaint on August 19, 2019, in light of the steps taken by Respondent and Parent to more appropriately address Petitioner's needs in his 2019-2020 IEP and possibly eliminating the need for Petitioner to receive compensatory educational services.

21. The next day Parent provided Respondent with a proposed IEP which Parent contended was an appropriate IEP for William.

22. Respondent disagreed with the Parent's proposed IEP and chose to develop an alternative IEP which Petitioner contends is not appropriate, given his unique circumstances.

23. Petitioner filed a second due process hearing on September 17, 2019.

24. A hearing was held on October 29 and 30, 2019.

25. The Hearing Commissioner's final Decision and Order was issued on November 26, 2019. The Decision and Order is attached as Exhibit A and is incorporated by reference. It states:

> "We agree with Parent that the District failed to provide FAPE as to the time period for and IEP's from August 28, 2018-November 13, 2018 and November 13, 2018-December 17, 2018. We order the District to provide compensatory amount of 45 hours of intensive education for Student's reading skills with a program designed to meet Student's needs that takes into account Student's severe dyslexia and the results of McBride's neuropsychological evaluation. We further order the District to convene an IEP meeting to determine how the compensatory hours can be provided and, if it has not already done so, to review McBride's evaluation and accordingly develop a new IEP with new goals that incorporate McBride's recommendations as to the Student's unique needs.
> SO ORDERED on November 26, 2019 Signed by Audrey Hanson McIntosh Commissioner"

26. No appeal has been filed by the District.

27. Following the issuance of the decision Plaintiff demanded the Defendant pay Plaintiff's attorney's fees, but the District provided no timely response to Plaintiff's demand.

## CLAIM FOR RELIEF

28. Plaintiff is the prevailing party under 20 U.S.C. § 1415(i)(3)(B)(i)(1) in the foregoing administrative proceeding because, after an administrative hearing, a Decision and Order was issued which altered the legal relationship between the Plaintiff and the Defendant by requiring the Defendant to provide compensatory education to the Plaintiff, which is beyond the legal requirements placed on the Defendant under IDEA.

29. Plaintiff is entitled to reasonable attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B).

30. Plaintiff requests a total amount of $19,003.99 in attorney's fees and compensable court costs. An itemized list of time and cost records are included as Exhibit B.

31. Time records were recorded contemporaneously by Ben Brockert

## PRAYER FOR RELIEF

32. Wherefore, the Plaintiff prays as follows
    a. The Court take jurisdiction over this matter;
    b. That the Court award Plaintiff her reasonable costs, expenses, attorney's fees, and prejudgement interest as the prevailing party in this matter, and for all costs, expenses, attorney's fees, and prejudgement interest associated with this action, and;

      c. That the Court grant other such and further relief as it deems just and proper.

Dated this 10th day of December, 2019

Respectfully submitted,

/s/ *Benjamin Brockert*

Benjamin Brockert #69805
Attorney for Plaintiff
Brockert Legal Services
2109 Pattywood Drive
Bryant, AR 72022
(501) 620-3793